We will then take a brief break where we will then be joined by Judge Newman, who will, and Judge LaValle will leave us, and Judge Newman, Judge Lynch, and I will hear the following set of tandem cases, essentially the unions versus the state of New York, is how we're, at least how I'm shorthanding that. So are we ready to go in United States v. Williams? Counsel? Yes, Your Honor. Yes, Your Honor. Great. Please proceed. Oh, what we'll do, appellant will, well, each side can start with sort of two minutes uninterrupted, and then we'll, then the panel will, we'll identify ourselves when we're asking questions, but there will be no particular form to that. So, counsel, proceed. Thank you, Your Honor. May it please the court, I'm Lucas Anderson, here for the appellant, Sherrod Williams, and I want to begin by addressing count 13 of the indictment, which charged Williams with participating in a robbery of a Chase Bank in Flushing on February 5th, 2010. Now, the witnesses, including the Chase Bank employees, testified that there was an attempted robbery of that bank in January 2010, and that a different bank, Chase Bank in Oakland Gardens, was robbed on February 5th, 2010. This is something that, unfortunately, neither I nor trial counsel or the district court seem to have noticed before, but from the record, it's quite clear that count 13, as charged, was not proved at trial, and the bank employee's testimony is at pages 214 through 16 of our appendix on appeal. With respect to our challenges to the section 924C convictions, this court has held that conspiracy crimes do not qualify as crimes of violence under section 924C3. In this case, every one of the convictions is a conspiracy. Now, those counts were also tied to predicate substantive robberies, but there's no way to know whether the jury's verdict was based on one or both of those charged predicates, and that's one of the problems with supplicitous charges in general. Without special interrogatories, we sometimes can't be sure whether there's a permissible basis for the jury's verdict. With respect to our challenges to the 105-year prison sentence, the district court abused its discretion by granting the government's Rule 35a motion to correct its initial sentence. The government's motion didn't identify any error in the initial sentence, being much less a clear error, and so the granting of that motion and the imposition of the sentence that the district court continued to believe was unconstitutional amounted to a misapprehension of the law, and therefore an abuse of discretion. Mr. Anderson, this is Judge Hall. So since your two minutes is, I will say, beam up, do you have any case for the proposition that what the district court did here in granting the government's motion was error? Yes, I think the district court... Well, what's your best case for that? Let me ask you that. Well, I would say that under Rule 35a, a court can correct its prior sentence only from an arithmetical, technical, or clear error, and this court's decision in the Abru-Cabrera case, which we cited, makes clear in going through the advisory notes that you can grant a 35a motion where the appeals court would almost certainly result in a remand of the case, and that's the language that this court took from the advisory committee notes, and so there has to be presented to the district court some actual error, and an error that is so significant that it would almost certainly result in remand, and if you look at the government's motion, they cited to one case from 1993, which would be relevant if it had addressed the Eighth Amendment, the fact that it was such an old case, but either way, that case did not in any way address the Eighth Amendment standard, and so that was an abuse of discretion in granting that motion. I also want to... Mr. Anderson, this is Judge Lynch. May I go back to what you said a moment ago about the being potential predicates under the indictment for the 924c counts? I was looking at the verdict form, and doesn't the verdict form that the jury filled out reference only the substantive evidence? I'm looking at it now. Yes, it says, for example, on count 10, it says, alleged using and carrying a firearm during a crime of violence, the Queen's Savings Bank number one robbery, but if you look at the jury charges with respect to all five of the charge 924c counts, the jury charges made clear that they could convict Mr. Williams on the basis of either of those, and so it's, you know, if you look at counts 10, 12, and 14 specifically, all that this jury was required to do was to determine whether Mr. Williams was guilty under the count 7 bank robbery conspiracy, and then if it found that he aided and abetted the use and carrying of a firearm during an invasion of that conspiracy, under the district court jury instructions, they could convict him of three separate 924c counts amounting to an extra 75 years in prison, all for that now invalid single crime. But can't the jury verdict form be read as simply saying he participated, he's guilty of 924c because of participation in a specific robbery? It doesn't say anything about an overarching conspiracy. The jury, by checking that box, doesn't it say he used or carried a firearm in connection with that particular robbery? Not if you look to the jury instructions, they were given very clear instructions with each of and we presume the jury followed their instructions, and so they were told what you can, what you have to find before you check guilty on each of these, and with respect to all five of those, the jury was told by the district court you can check guilty if you find that he committed a conspiracy and that he aided and abetted the carrying of a firearm in connection with that conspiracy. Judge LaValle here. Yes. Judge LaValle here. The government argued, the government's on what Judge Lynch was just summarizing, and I must say when I read the government's arguments on this, on this issue, I did not find it very persuasive because if you think about, if you reconstruct, if you hypothetically reconstruct the process that jury would go through, the jury would consider each of these 924c counts in accordance with the judge's whether that decision was made based on the, on the conspiracy, the overall seven, five, count seven conspiracy involving numerous banks or on the particular bank that was robbed. Then the jury would, in the end, when it had reached its verdict on all the different counts, would go to fill out the boxes, and when it comes to those 924c counts, um, they indeed refer to the robbery, but that is the one way of distinguishing one 924c count from another 924c count, which is that one, one is based on, on one robbery, another is based on another robbery, and a third on a third, but all of them are, are, are potentially based on, on the, um, on the overall conspiracy. So if the jury found the defendant guilty on the basis of the overall conspiracy on this 924c count, it would simply check that box and it would not say, wait a minute, uh, is this jury form, is this form that we're supposed to fill out countermanding the instructions that the court gave us on each of these counts? Uh, I did not find the government's argument persuasive at all, um, in, in, in suggesting that the jury must have based its conclusion on those counts on the individual robberies rather than conspiracy, just because the form is filled out in a way that identifies each of the counts in the only manner that it could identify them to, to distinguish one from the other. I think that's correct, and I think the assumption that, first of all, that it's allowable to go into the jury room and try and figure out what they did rather than what they might have done in a harmless error case is the fact that if you look to the relevant documents here, the jury charge is describing for the jury, what the verdict form says and what you can put on the verdict form. And so by telling the jury, you have one more minute. Oh, thank you very much. Um, if there are no further questions with that, I want to briefly address our, uh, arguments relating to the trial evidence about uncharged crimes, because the government was allowed to introduce testimony from four cooperating witnesses that Williams and other people tried to rob two jewelry stores. And those attempts were not charging the indictment. There's no indication in the record as to which of the rule 404 B purposes, the district court thought that evidence would serve. And I know this court employs an inclusive approach under rule 404 B, but there has to be at least some relevant and disputed issue aside from criminal propensity. And the government hasn't identified one here. I should emphasize nobody's claimed that these robberies were a mistake or an accident that was never disputed issue at trial. And so even if there had been some legitimate evidentiary purpose, I think the probative value of that evidence in the context of all the other evidence regarding each of these specific crimes was so limited and its prejudicial effects were so clear, both with respects to the propensity value and the tendency to confuse the jury as to what exactly they were trying Williams on that it should have also been excluded under rule 404 three. And if there are no further questions from the courts, I'll reserve my time for rebuttal. Judge LaValle. I have I have a question. Uh, I'm afraid I did not quite understand what you said at the very opening of your argument about the Chase Bank. And was that a new argument? Were you making orally an argument that you did not make in your brief? Or were you simply repeating the argument that you made in your brief? And if you wouldn't mind explaining further what that what the argument was that you were making, because you lost me in that in that very brief description. Well, I apologize for that. And I apologize for the fact that I also did not notice or point this out in either of our briefs. It is something that I have not mentioned before, something that the district court and trial counsel also didn't seem to have noticed. But count 13 charged Williams with robbing a Chase Bank in Flushing on February 5th, 2010. Indictment refers to that as Chase Bank number two. All of the relevant witnesses, including Jamel Thompson, one of the co conspirators and the bank employees, testified that the exact opposite was true. That, in fact, it was the other bank that was robbed on February 5th, 2010. And that there was an attempted robbery of the Chase Bank in Flushing in January of 2010. So it's a plain error review. And it's also something that I unfortunately did not notice until preparing for oral arguments. I'm not sure if the government ever noticed it, or district court or trial counsel, but either way, count 13 as it was charged indictment and under the count seven over at section. It was not proven in trial. Thank you, Mr. Anderson. Thank you. Ms. Trina Scott. Yes. Good morning. Pronounce your name correctly. Yes, thank you. Good morning, Your Honor. This is Lara. To the appellee, United States of America. I'd like to start off by addressing the debate between Judge Linton and Judge LaValle. I don't think we were debating anything. I asked a question, and he asked a question. I'm sorry. I didn't need to say debate. The discussion. Thank you. The jury was instructed that each 924 C offense. So the judge at trial instructed the jury on these 924 C offense charges tied to a particular date and a particular robbery. So if you review the verdict sheet, it's clear that Judge Spat was telling the jury that the defendant was alleged to have carried a weapon on three distinct dates that corresponded to three distinct substantive robberies. Yes. And further into the conspiracy as well. But when you read the jury charge together with the verdict sheet, and frankly, the evidence produced at trial and the and had found that Mr. Williams aided in abetting the carrying of these guns at three distinct robberies on three distinct dates. As Judge LaValle. Are you saying, Judge LaValle, are you saying a couple of things? Are you saying that the form of the verdict sheet told the jury to Why couldn't the jury have found that the that with respect to the date that the issue was whether the defendant was involved in in the carrying or using of a gun on a particular date in connection with the overall conspiracy to to rob banks? Because Your Honor, the jury had indictments. And the indictments, if you look at the charge of the conspiracy, the conspiracy charges a range of dates. For example, it says between I think it's November of 2009 and March of 2010. That that was a range of time for respect to the robbery conspiracy. With respect to the substantive robberies, they are alleged on a specific date and time and account. And the type of that specific substantive robbery and that specific substantive gun. So I don't believe that you could read or you could not. I don't believe say that the jury went to the jury room and decided that the defendant carried the gun on all the dates just pursuant to conspiracy and not pursuant to the substantive robberies. I think it doesn't it doesn't make logical sense that they would have to judge Lynch again. They would have to find that a gun, as Judge LaValle just asked, was used by this defendant on that date. Is that right? Yeah. And on that date, if he was carrying the gun in furtherance of an overall conspiracy to rob banks, but the only gun that anyone testified to being used on that date was used in connection with a specific bank robbery. It's a little difficult to follow how it, as you put it, would make sense for the defendant to be using and carrying the gun, which I think in most of these cases, there was not specific evidence of him carrying it at all. But it was sort of an aiding and abetting theory. And the person who carried the gun in physically went into the bank with it and robbed the bank. I'm having trouble getting my head around the it was only in connection with the conspiracy and not in connection with the actual bank that, you know, where the jury had to find beyond a reasonable doubt that the defendant somehow used or carried a gun on that occasion. So that the I'm not saying disregard the verdict sheet at all. What I'm saying is that a logical view, evidence of trial, is that the defendant had to have been convicted and was convicted of using, by aiding and abetting theory, those guns on those dates. What the defendant did was, he's the leader of a robbery crew. He produces guns, he helped other people procure guns, and he sends them in to commit armed robberies of jewelry stores, of post offices, and of banks. The three charges that we're talking about are the three banks that we send people in with guns to rob those banks. So there were guns used generally in the overall conspiracy because Mr. Williams is planning these robberies. He's telling them we're going to use guns in furtherance of these robberies. But he's also charged with sending those people into those banks on those actual dates using guns. And that's what the verdict, that's how the verdict sheet reads, that's how the evidence was presented at trial. And it would not make sense for the jury to say, oh, he only used those guns in furtherance of the conspiracy, but didn't use them on the substantive date. Because if that were the case, then they would have acquitted him on the substantive robberies and only convicted him on the conspiracy and the 924 case. But they didn't. The jury convicted him on the aiding and abetting theory of sending those people in on those dates, at those times, to rob those banks. This is Judge Hall. Why isn't it that we need to figure that out? It's one or the other. And because the judge told us we only had to find one or the other. And there you have it. Because I don't believe that that's a rational review of the evidence presented at trial. If you read the jury instruction in connection with the verdict sheet, we're not asking anyone to disregard the judge's instruction. In fact, to the contrary, the judge's instruction is taken together with the verdict sheet, taken together with the evidence at trial. What case do you have that says a verdict sheet essentially can override or if it contradicts or calls into question the judge's instructions to the jury, then we turn to the verdict sheet to figure it out. Well, I think a lot of the Second Circuit, Your Honor's rulings on these cases talk about dual predicates or disjunctive theories of liability in connection with these types of cases. Because we've now found that the conspiracy charge is not a valid basis. And we understand that. But basically, for example, in the Baxwell case, United States v. Baxwell, the court held in the context of 924 C cases, when a conviction rests on the use of a gun in relation to multiple predicates, and one of the predicates is later found to be invalid, the conviction still can survive if the 924 C charge is, quote, clearly supported by a predicate presenting no legal concern, which is the substantive robbery. I believe that in many district courts since the Johnson and Davis cases have found that as long as there's one valid predicate offense that's supported by the evidence, that it survives judicial scrutiny. And I would say that in this particular case, I'm not saying the verdict sheet alone. What I'm saying is, in many cases, this circuit has looked at the verdict sheet in conjunction with the government's evidence, in conjunction with the arguments to the jury, in conjunction with the judge's jury instruction. And together, if the government has produced evidence to support a substantive underlying charge that's a predicate, a proper predicate, then it's a constitutional conviction. May I ask a different question? This is Judge Lynch. With respect to the judgment in the case, the judgment says that the sentences on the five 924 C counts will run, quote, consecutive to all counts, close quote. But there appear to be no sentences, or at least no sentences of imprisonment on any of the other 10 counts. So what are the 924 C counts consecutive to? I believe that Judge Fatt gave the defendant the bottom of the guideline range on the robbery count as they were, as the robbery counts were treated as one robbery, multiple unit analysis. I want to say it was somewhere in the neighborhood of 320 months to 328 months. Well, that's in connection with the guideline calculation. I understand that the guideline calculation was made taking those offenses into account. But I don't understand what the, how the judgment reads. There simply is nothing in the judgment imposing any sentence at all on the other counts, except perhaps for the special assessment. So I'm having trouble understanding what the 924 C counts are consecutive to. When the judge orally imposed sentence, did he impose a separate concurrent sentence on all the robbery? And what was that sentence? I think it was, I think it was the guideline range of 328 months, but I don't want to, I certainly could supplement the argument with a letter to the court. I don't want to speak, but I bet that's the same thing. It was, it was two years ago. And I believe that the judge imposed the 328 months on the robbery counts and then ran the guns, the 924 C counts consecutive to the robbery. Okay. Well, there's a transcript, so we can just check the transcript to see if you're right about that. If that's true, wasn't that an illegal sentence? Because the 924 C requires that 924 C sentences be consecutive to everything, to the counts imposed for the other, to the sentences imposed for the other counts. So it seems to me that if the substantive, if the sentence on the substantive count was concurrent with the 924 C sentences, that was an illegal sentence. I think they were consecutive, Your Honor. I don't believe they were concurrent. I think that the robbery... Well, where, well, where, how could they be, how could they be consecutive? Because the arithmetic, as Judge Lynch was pointing out, the arithmetic is satisfied entirely by the consecutive 924 C counts. A five, what is it, a five and four 25s. And there's nothing left for the sentence that was imposed for other than the 924 C. I see the argument and I would have to go back and look. I'm sorry. I believe, but you're right, when you do the arithmetic, then maybe... What's that? You're right about your arithmetic. And I, so what I'm saying is we have to go back and look at the transcript. I thought, and it could be that the first sentencing judge he gave, he imposed a sentence on the, on the robbery counts. And at the, when, after the rule 35 motion, he imposed the, the, the 924 C counts and something got lost. Well, if, if the sentence was an illegal sentence, because it failed to make the 924 C counts consecutive to the other counts, then it was an illegal sentence and he should be resentenced. And if he should be resentenced, he is then resentenced under current law, which would not require the stacking of the 924 C counts. Isn't that correct? Yes. Can I go back to the, the, the issue of the First Step Act as of the time of the sentencing? The sentencing was in October and the First Step Act is passed in December. Is there any indication or do you know whether anyone was aware of the pendency of this reform in Congress in October? Well, what I can say is that the defendant was convicted in 2011 and he filed two pretty lengthy rules 29 and 33 motions subsequent. And I think there was some thought that the law may change. But at some point, they said that it's been, it's been many, many years and it's time for this case to be sentenced. But, you know, I just said the defendant is similarly situated to anybody that was sentenced before the First Step Act. Yes. I mean, the, the interest, of course, it's a distinguishable situation. But in, in situations where the sentencing commission has passed a change in the guidelines that's favorable to defendants, it's quite conventional, but it hasn't gone into effect yet because it's waiting for November to see if Congress is going to do anything. It's quite conventional for district courts to postpone sentencing until after the effective date of the change. And of course, I say that's distinguishable because there we know for a fact that this change has been adopted. And unless something relatively unusual happens and Congress vetoes it, it's going to go into effect. Here, we had a rather contingent set of reforms. And I don't know what the political pundits thought. I recall being somewhat surprised when suddenly the First Step Act, you know, the logjam was broken, the Senate passed it, the President signed it, and things that people had been asking for, for years came into, came into play. So I'm just wondering if, as you point out, it had been a long time that this sentence was, was pending. And I guess it would be a matter for a 2255 if someone wanted to, if Mr. Williams wanted to suggest that his lawyer was ineffective in not asking for a further adjournment. And what you're telling me is maybe part of the government's response would be, you wouldn't have gotten it because it was past time to do the sentence. But that's all for some other development. That's not something we've got before us. Yes, unless there's other questions. Yes, counsel, this is Judge Hall. Let me ask you if you, if the government would like, or actually, I think, let me put it this way, the panel would like to learn the government's view via a letter brief. I'll enter a short order post-argument with respect to the effect of Barrett on this, since we haven't really had that briefing from you. Yeah. And counsel, Mr. Anderson, you'll, we'll, we'll build in some time for you to respond to that as well. Thank you, Your Honor. I have another question, Judge. I'm sorry, were you, were you, had you finished, Judge Hall? Yes, thank, yes, Judge LaValle. This is for the government, a question. Judge LaValle, yes, please ask your question. Go ahead. No, I was asking whether you, whether you had more questions. Oh, no, I have no more questions of the government. Okay, all right. Then to the government, when you have argued this issue of the, of the 924C counts and the verdict form, as I followed it in each of your statements of your argument, you always relied in part on what was stated, how the verdict form was written. And I, frankly, think that your argument with respect to the verdict form is not persuasive at all, speaking for myself alone, because as I view it, the way the verdict form was identified, identified each of those counts was, was, was simply a means of, of separating one 924C from the other. And there's no reason to think that the jury would have regarded that as modifying or countermanding what the judge instructed. But I'm wondering whether your argument could be stated solely based on the court's instructions to the jury without any reference to what was written on the verdict form. The answer is yes. I believe that the judge's instructions alone wouldn't suffice, because given all the evidence of use at trial and the judge's instructions, I think the jury, I think it's clear they followed his instructions. And I don't necessarily, yes, the short answer is yes. And that's because the instruction required that for each count, the use or possession would have been on a particular date. Is that your argument? Yes. Now, why wouldn't, would it not have been lawful for the jury to say that, that, that throughout the, throughout the period of the conspiracy, throughout the period of the multibank robbery conspiracy, the defendant, who was a, a, a planner and a major force in the, in the creation of the mode of these robberies, that he on any date throughout that period would have been using, using guns, using guns, because he was constantly involved in the plotting of, of robberies that would involve the use of guns. So that, that, that any date could have been given, including the dates that in the use of the gun for, for, for all of the robberies, I would have made him vulnerable to the, to the count seven conspirator, the nine 24 C based on the count seven on any such date. Would that not have been a permissible route for the jury? Yes, but that's, that's looking at it in a vacuum in the sense that there were actual robberies committed on actual dates where Mr. Williams sent people into banks with guns to rob those, those banks on a particular date, but there was a ton of evidence at trial supporting that. So, and he was convicted, excuse me for interrupting, but he was convicted of robberies on those very dates. Yeah. Substantive robbery counts. Yeah. And so I think that to try, I think if we're going to try and get in the jury's mind, it seems like, yeah, I think that that's the argument by, by, by my, my, my opponent. Well, I'm not suggesting, I'm not suggesting one should try to get into the juror's mind, but simply, simply speculate on whether, whether certain, certain forms of reaching a guilty verdict would have been reasonably possible for the jury. Not that they did it, but just can we, can we be relatively assured that they didn't do it? And so supposing that the juries, that the jury considered one at a time, the 924C counts, and they said to themselves, well, we don't really need to get specific here. This defendant, this defendant was plotting this whole series of robberies involving the use of guns. One of the routes to finding them guilty of the 924C is count seven. And as to count seven throughout this period, every day, including the dates charged here, he was using, he was using guns in the planning process for the robbery of banks with guns. What, is that, is that something the jury couldn't, would not have been permitted to do under the court's instructions with respect to the 924Cs? What I would say is this is a multiplicity argument, and it's the defendant's burden to establish the result would have been different had the jury been instructed to specify which predicate crime it found the government proved in support of the 924C count. And I don't believe that, that, that you've met that burden. I think the result would have been the same regardless of how it was charged based on the evidence and based on the convictions on the substance count. Well, but this is not, excuse me, this is not just a duplicity argument anymore, is it? I mean, I think the defense is making this as an argument that the verdict was legally insufficient because it could rest on a conspiracy count. So that's not something that is waived in the same way by not raising it in advance. If it's just a question of, we don't know what they decided because there are two different crimes charged here, that would be one thing. But instead, it's, it's an argument that one of the things that they could have decided is, is the evidence is constitutionally insufficient. Whether the legal charge doesn't apply. Yes. And that's what, that's when we moved to the dual predicate disjunctive theory of liability, which the government still meets its burden on that, Your Honor, because the conviction rested on a valid predicate. And the law says that when you, when this later, an in, a predicate that's found to be invalid, I think if you look at the totality of the circumstances that the government carries the day on this one, because of all of the evidence that's used at the trial, the substantive convictions on these robberies on specific dates, the judge's instructions, and yes, the verdict sheet as well, but not on the verdict sheet alone. And may I ask one, one additional question that I'm not sure which way it cuts. Was there a Pinkerton charge given in this case? There was. So I suppose then it's possible that the jury could have convicted Mr. Williams on the substantive robbery counts solely on the ground that they were foreseeable crimes in furtherance of the overall conspiracy. Is that not correct? That's possible. But we, we, we went the aiding and abetting charge, what was argued to the jury in the first instance, but yes, there was a Pinkerton charge given in this case. Okay. Is that colleagues, any further questions? Nothing further for the government. Just in terms of timing for further briefing, is two weeks work for you or is that short? Yes, your honor. Okay, great. Thank you. Would you like me? I just a question. Would anyone like me to address? There was a new argument raised for the first time that I felt unable to respond to given that I had no notice. Yeah. Why don't you do that? Well, and you can do it in the letter brief. We'll get, we're going to ask for letter briefs and we'll, we'll give you, I think, sufficient pages for you to address Barrett and that. Okay. Great. Has the appellant requested a rebuttal time? Yes. We're about to turn to Mr. Anderson. Are you, your honor? Great. Yes, I am. Thank you. I just want to be clear that with respect to the 924 seat counts, I am not saying that we should try and look into what the jurors probably could have, would have done. I am saying the opposite. I am saying that we should look at what the jurors necessarily found or what they did not necessarily find and it's the Supreme court's predicates or their relevant decisions. When you look at not what a juror could have found, it's not a harmless error analysis. You look at what the jury necessarily found with a modified categorical approach and you look at the documents and say, is it necessarily so that the jury found this or that they necessarily could have found something else. And in this case, especially with respect to the count seven conspiracy, it's being tied to three 924 seat counts. It's obviously possible that the jury could have decided he was guilty of that. All of the district court's jury instruction and determined that on three specific dates, there was a gun used in connection with that same conspiracy without looking to anything else. And with respect to judges, Judge Lynch's point about the judgments on page nine of the special appendix, the district court in position of the second sentence of the pages, three 56 through three 57. You have a minute left. Thank you very much. I have other things to say, but I think my time would be better spent answering any questions the court might have. Why don't you continue with what else you'd like to say? Yes. Well, I just want to point out with respect to our eighth amendment challenge, the constitutional requirement of proportional sentencing requires an examination of contemporary and evolving standards of decency. So the government argues that it's relevant that this Senate was allowed by statute at the time and that we give deference to legislatures. And that's true that we give deference to legislatures in setting the limits of certain sentence punishment. So the first step act here should be seen as a clear indicator of the contemporary standards of decency, evolving standards of decency forbid that exact thing. Well, wait, can't Congress decide that a particular sentence ought not to be required without simultaneously concluding that to require that sentence would be cruel and unusual. That's correct. It's just one of several indicators that, that contemporary standards have evolved to the point. Well, does that mean that the, how does, how does, how have contemporary standards evolved in a way that would enable us to disregard Harmelin? It seems to me that the Supreme Court has said it is not cruel and unusual to sentence someone to mandatory life without parole for possessing with intent to distribute a half kilogram of cocaine. Are you contending that multiple armed bank robberies in which guns are put against the people's sides and heads are less serious than possession with intent to distribute a half a kilogram of cocaine? No, I'm saying that standards have continued to evolve since the Harmelin plurality opinion. And that at this point, we look at not only, we should also give the district court's decision some deference after hearing a lengthy trial about the defendant's conduct. He found that the sentence was grossly disproportional. Now, Congress has also said it was grossly disproportional. And so if Harmelin was to the extent that we're saying, but I think the district courts repeated statements that this sentence was unconstitutional and Congress's recent actions indicate the standards have evolved to the point that Williams's conduct in this case should not have been under the eighth amendment punished by way of 105 years in prison. And just to clarify, you don't really, as I understand your argument, you're not asking us to say that in fact, it was unconstitutional. You're suggesting that there is a sufficiently plausible argument that it was unconstitutional, that Judge Statt was wrong to say, or the government was wrong to suggest to him that his original sentence was a clear error akin to just not recognizing that there was such a thing as a consecutive sentence. Correct. That is my primary argument. Judge Statt was, abused discretion in granting that motion under the standard of rule 35A. Judge LaValle, Judge Lynch, in questioning your adversary, elicited from the government that the guilt on the substantive counts could have been premised on a Pinkerton theory based on the participation in the conspiracy. So do you, how do you use that proposition with relation to your argument about the 924C counts and they're being possibly premised on necessarily, possibly premised on finding of guilt for the conspiracy? We, we have argued that the Pinkerton charge was repeatedly given. I think the government did argument in their summation, wasn't properly given because the jury was allowed to infer the existence of the conspiracy through those desperate acts that were not all part of one single overarching conspiracy. And so yes, it's absolutely possible that those separate substantive robberies, the jury found William guilty for those just because of the Pinkerton charge. And again, once they find him guilty of an offense under the Pinkerton charge, under the Pinkerton standard, there's nothing requiring the jury to then go on and say, well, did he also aid in the bet? Well, did he also have direct involvement in what he did? When we think about what the jury necessarily did in this case, there's no reason to not only expect, but actually presume that the jury made all these individual separate determinations. Well, would he, excuse me, this is why I'm sorry, Mr. Anderson, one of the reasons why the presence of the Pinkerton charge puzzles me is that on the one hand, it kind of takes away something from the government's argument that, well, the jury found that Mr. Williams participated in the particular robberies, which makes the notion a bit hard to grapple with that he was only found guilty by reason of the conspiracy. But on the other hand, doesn't it also hurt you? Why wouldn't it be sufficient under the Pinkerton charge for the jury to have found that he was guilty of the 924 C counts on each individual occasion when a gun was carried, because that was all foreseeable in furtherance of the overall conspiracy. And so once they find that the gun was carried on that date in furtherance of the overall conspiracy, and they also find that the bank robbery, he's guilty of the substantive bank robbery, even if he wasn't there by reason of Pinkerton and his involvement in the overall conspiracy, doesn't the same thing follow for the 924 C counts? The Pinkerton charge made it easier for the jury to have found him guilty of all the substantive robberies and all of the 924 C crimes in connection with those robberies or with the conspiracy charge. It does not take anything away from the fact that we do not know what the jury necessarily found. And that's our main point with respect to this, is that we don't apply a regular harmless error analysis in determining what it was that a defendant was convicted of. It's not like looking at an evidentiary error or a Fourth Amendment issue as to what a jury probably would have done if it hadn't been for this error. No, but if we're asking what did the jury necessarily find in reaching its various conclusions, it's hard to me to see that they don't necessarily have to find enough things, given what they actually did find, given that they actually did find him guilty of those robberies, even if by reason of Pinkerton. And they did find that a gun was carried in furtherance of that robbery. You put those things together and I'm having trouble seeing how, again, how we separate the findings that they made on the conspiracy charge on the substantive robberies and on the 924 C counts. Anything that they, it seems to me that everything they needed to find is there. They found it. I think even if the district court had told the jury, Williams was guilty of these substantive robberies and gave him a Pinkerton charge with respect to the 924 C's, it's still the case that they were able to convict him of carrying the guns in connection with conspiracies. And there was nothing requiring them to then also consider whether he carried those with respect to the, we presume for the sake of this argument, that he was guilty of robberies. And so with respect to this, he's guilty of the robberies. He's either guilty of the robberies because he aided and abetted the robberies in which a gun was used, or he's guilty of the robberies by virtue of Pinkerton because the robberies were in furtherance of the overall conspiracy. And furthermore, the jury, by finding guilt on that day for the guns, seemed to me to be pretty clearly finding that the guns were used in furtherance of those robberies, because that's the only evidence there was of possession of guns on that date. So what's left that they haven't found that would make him, of the things necessary to make him guilty of the 924 C? I, there was nothing in the jury charges that would make them even get into that analysis. Once they found that there was a conspiracy tied to the carrying and possession of weapons, it is the overall point here. If the, if the sentence was illegal, because the, because the judge failed to make the 924 C counts consecutive with the other counts, would that require resentencing? Yes, your honor. That is my understanding. Thank you. Anything further, judges? Thank you, Mr. Anderson. We'll reserve decision in this matter. Thank you both. Thank you both. We'll reserve decision in this matter. We'll get out a short order later in the regarding the supplemental briefing. Okay. Thank you.